**Nazma AKTER, Nargis Khandar Akter, Nahid Khandker Akter, Petitioners,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–0843–ag.

United States Court of Appeals, Second Circuit.

May 29, 2007.

Michael G. Radigan (Ronald S. Salomon, on the brief), Law Office of Ronald S. Salomon, New York, NY, for Petitioners.

Kohsei Ugumori, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC (Bud Cummins, United States Attorney, and Dan Stripling, Assistant United States Attorney, United States Attorney's Office for the Eastern District of Arkansas, Little Rock, AR, on the brief), for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges and RICHARD W. GOLDBERG * Judge.

**SUMMARY ORDER**

Petitioner Nazma Akter[1] seeks review of an order of the BIA denying a motion for reconsideration. *In re Akter,* No. A 95 970 074 (B.I.A. Jan. 24, 2006). We assume the parties' familiarity with the facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). The BIA stated that reconsideration was inappropriate because petitioner failed to "allege any factual or legal error in the Board's [earlier] decision." Petitioner contends primarily that the BIA abused its discretion because this statement was a "flat falsehood." We disagree. The BIA accurately described petitioner's motion, which merely reiterated facts allegedly showing that her former counsel "did not act properly." Petitioner's motion did not specify any factual or legal error underlying the BIA's conclusion that she had not proved

---

\* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

1. Nazma Akter has filed petitions for review on behalf of her minor daughters, Nargis

Khandar Akter and Nahid Khander Akter. All three petitions are disposed of in this Order.

28

that her failure to appear at her removal proceedings was caused by ineffective assistance of counsel. *See In re Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991) ("A motion to reconsider is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case that was overlooked . . . ." (internal quotation marks omitted)).

For the reasons stated above, the petition for review is **DENIED.**